```
              UNITED STATES DISTRICT COURT
                      FOR THE
                 DISTRICT OF VERMONT

Kelley S. O'Brien,              :
        Plaintiff,              :
                                :
        v.                      :    File No. 1:10-CV-173
                                :
Robert Barrows, James Warden,   :
Shelburne Police Department,    :
Town Manager of Shelburne,      :
Town of Shelburne,              :
        Defendants.             :
```

## OPINION AND ORDER
(Doc. 21)

Plaintiff Kelley O'Brien, proceeding *pro se*, brings this action claiming he was shot by police in February 2009, and that the shooting constituted excessive force.  The events on the night of the shooting resulted in criminal charges being brought against O'Brien, including a charge of aggravated assault on a law enforcement officer.

Pending before the Court is O'Brien's motion to quash or modify a subpoena served upon the Chittenden County State's Attorney's Office. (Doc. 21.)  The subpoena, issued by counsel for defendant Robert Barrows, seeks the production of materials relating to O'Brien's criminal case.  Specifically, the subpoena asks for "[a]ny and all documents, files, recordings, transcripts, photographs and other tangible objects in your possession regarding the matter of State v. O'Brien, Docket No. 562-2-09-Cncr."  (Doc. 23-1.)

O'Brien argues that the subpoena should be quashed because it is over-broad and will include irrelevant information. In response, Barrows submits that O'Brien has no standing to move to quash a subpoena that is directed to a third party. Barrows also contends that the information sought is relevant.

I.  Standing

On the question of standing, a plaintiff or defendant is generally without standing to contest a subpoena issued to a third party. See Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975); Saperstein v. Palestinian Auth., 2010 WL 1371384, at *3 (E.D.N.Y. Apr. 6, 2010). Instead, the motion must be filed by the person or entity to whom the subpoena is directed. See, e.g., Langford, 513 F.2d at 1126; Chem. Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993); see 9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2459, at 41 (2d ed. 1995).

This general rule does not apply where the person contesting the subpoena can assert a privilege. Fed. R. Civ. P. 45(c)(3)(A)(iii); Chem. Bank, 149 F.R.D. at 13. Courts have also held that a party may move to quash a subpoena if it impinges on his or her personal rights. E.g., Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (holding that plaintiff had standing to move to quash third-party subpoena seeking employment records); Jacobs v. Connecticut Comty. Tech. Coll., 258 F.R.D.

2

192, 195 (D. Conn. 2009) (holding that plaintiff had standing to move to quash information contained in psychiatric and mental health records); Khouj v. Darui, 248 F.R.D. 729, 732 n.6 (D.D.C. 2008) (noting that parties have standing to move to quash subpoenas seeking financial records).

Here, O'Brien cites no applicable privilege, and the Chittenden County State's Attorney has not objected to the subpoena.  Nor does O'Brien cite any law suggesting that his rights will be violated if the prosecution's files are disclosed. Without such a showing, O'Brien lacks standing to file a motion to quash.  Cf. Amobi v. Dist. of Columbia Dep't of Corr., 257 F.R.D. 8, 9-10 (D.D.C. 2009) (defendants had no standing to challenge third-party subpoena seeking records relating to criminal prosecution of corrections officer).

II.  Notice

O'Brien does have standing, however, to raise the issue of whether Barrows' counsel provided notice of the subpoena as required by Rule 45(b)(1).  Fox Indus., Inc. v. Gurovich, 2006 WL 2882580, at *11 (E.D.N.Y. Oct. 6, 2006).  O'Brien does not argue this issue specifically, though he does note that he received notice of the subpoena 12 days after it was issued.

The notice requirement in Rule 45 was amended in 2007 to specifically require notice to each party prior to service of a subpoena that seeks documents or other "tangible things."  See

Fed. R. Civ. P. 45(b)(1); Fed. R. Civ. P. 45 Advisory Committee Note to 2007 Amendment.  Barrows' counsel concedes his error, but argues that quashing the subpoena is not warranted.  Indeed, the "majority approach" on this issue "requires that the aggrieved party demonstrate some form of prejudice resulting from the failure to provide advance notice." Kingsway Fin. Servs. v. Pricewaterhouse-Coopers LLP, 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) (collecting cases).  O'Brien has not alleged or demonstrated prejudice resulting from the lack of prior notice, and the Court therefore declines to quash the subpoena on this basis.

III.  Scope of Subpoena

O'Brien's primary argument is that the subpoena is overly-broad and will include information that is not relevant to his civil complaint.  Even if O'Brien had standing to raise this issue, his argument does not warrant either quashing or narrowing the scope of the subpoena.

It is well-settled that discovery by subpoena pursuant to Rule 45 is subject to the limitations set forth in Fed. R Civ. P. 26.  See During v. City Univ. of New York, 2006 WL 2192843, at *3 (S.D.N.Y. Aug. 1, 2006) (collecting cases); 9A Wright & Miller § 2459, at 42 (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rules 26(b) and 34).  Under Rule 26(b)(1), "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).

The Second Circuit has instructed that the term "relevant" should be construed broadly, encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  <u>Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.</u>, 964 F.2d 106, 114 (2d Cir. 1992) (quoting <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978)).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

O'Brien alleges that the police used excessive force on the evening of February 13, 2009.  Charges were filed against him for his conduct that night, including a charge of assaulting a law enforcement officer.  Clearly, his conduct is at issue when determining excessive force, and efforts to obtain the State's records with respect to the events of February 13, 2009 are "reasonably calculated to lead to the discovery of admissible evidence."  <u>Id.</u>  Indeed, not only might those records detail the actions of both O'Brien and the defendants, but they may reveal important witnesses to those actions.  O'Brien's substantive objection to the subpoena, again assuming standing, is thus without merit.

Finally, O'Brien asks the Court to order counsel to provide copies of all documents received pursuant to the subpoena. Barrows' counsel has represented to the Court that it is his "intent to provide the Plaintiff and the other Defendants with a copy of all of the documents obtained from the State's file once the review and copying process is complete." (Doc. 23 at 6.) The Court accepts counsel's representation, and will not issue an Order unless informed by the parties that such an order is necessary.

## Conclusion

For the reasons set forth above, the motion to quash (Doc. 21) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of October, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge