```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

Kelley S. O'Brien,              :
        Plaintiff,              :
                                :
        v.                      :      File No. 1:10-CV-173
                                :
Robert Barrows, James           :
Warden, Shelburne Police        :
Department, Town Manager        :
of the Town of Shelburne,       :
Town of Shelburne,              :
        Defendants.             :
```

OPINION AND ORDER
(Docs. 3 and 12)

Plaintiff Kelley O'Brien, a Vermont inmate proceeding *pro se*, brings this action claiming he was shot by an officer of the Shelburne Police Department and that the shooting constituted excessive force.  Defendant Shelburne Police Department now moves to dismiss, arguing it "is merely an organizational division of the Town of Shelburne and thus not a suable entity."  (Doc. 12 at 1.)  Also before the Court is O'Brien's motion for appointment of counsel.  For the reasons set forth below, the motion to dismiss is GRANTED, and the motion for appointment of counsel is DENIED without prejudice.

Factual Background

For the limited purpose of ruling on the motion to dismiss, the facts alleged in the Complaint will be accepted as true.  O'Brien alleges that on February 13, 2009, he was returning home from work and decided to stop at a store to

purchase lottery tickets.  A Shelburne Police Department cruiser proceeded to pull in front of his vehicle, and a police officer exited the cruiser.  O'Brien states in his Complaint that "I believed that [the officer] was going to ask me to back up or to move my vehicle so he could drive around or [that] he was going to advise of something else," so O'Brien "placed [his] vehicle in reverse . . . ."  (Doc. 6 at 3.)

The officer then allegedly drew his weapon and pointed it at O'Brien's car.  O'Brien claims that at this point, he "panicked" and "stomped on the gas ped[al] . . . . [A]s I was exiting the area of the store [] I started to hear gun shots and then saw my driver's side windshield explode, I heard several other shots ringing out until I felt a burning sensation in my back."  (Id. at 3.)  The Complaint alleges O'Brien was able to drive his car onto Route 7, but soon thereafter lost consciousness.  His next memory is waking up in an ambulance.  (Id. at 4.)

O'Brien was subsequently charged criminally.  He claims the charges were based on an eyewitness account of erratic driving, although the description of the car in question did not match his vehicle.  O'Brien's legal claims are the shooting violated his Fourth Amendment right to be free from excessive force, and that the Shelburne Police Department,

among others, should be held liable for failing to properly train its officers.

## Discussion

I. Police Department's Motion to Dismiss

The Shelburne Police Department moves to dismiss, arguing it cannot be sued as an independent entity. A municipality is subject to suit under 42 U.S.C. § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). With respect to municipal police departments, however, courts have widely held that they are not municipalities, and are not "persons" within th meaning of Section 1983. See, e.g., Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (affirming district court's dismissal of claims against county sheriff's department because, under state law, sheriff's department lacked capacity to be sued); Peterson v. Easton Police Dep't Criminal Investigations Divs., 1999 WL 718551, at *1 (E.D. Pa. Aug. 26, 1999) (holding that a police department is not a person within the meaning of Section 1983); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825-26 (D.N.J. 1993) ("The numerous courts that have considered the question of whether a municipal police department is a proper defendant in a § 1983 action have unanimously reached the conclusion that it is not.") (citations omitted). As one court in this Circuit concluded, "[a] municipal police department is a sub-unit or

agency of the municipal government through which the municipality fulfills its policing function.  Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983." Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 164 (D. Conn. 2005).

In this case, the Court is required by Fed. R. Civ. P. 17(b)(3) to look at Vermont law to determine whether a specific governmental entity has the capacity to be sued.  The Court is not aware of any statute or ordinance in Vermont that permits a suit against a municipal police department.  In the absence of a statute, and consistent with case law, this Court has consistently held that police departments in Vermont do not have the capacity to be sued.  See, e.g., Gorton v. Burlington Police Dep't, 23 F. Supp. 2d 454, 456 (D. Vt. 1998); Hee v. Everlof, 812 F. Supp. 1350, 1351 (D. Vt. 1993). The motion to dismiss is therefore GRANTED.

II.  O'Brien's Motion for Appointment of Counsel

Also before the Court is O'Brien's motion for appointment of counsel.  As a litigant in a civil case, O'Brien has no constitutional right to counsel.  See In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).  A court may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but cannot compel an attorney to accept a

civil case *pro bono*.  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989).

When a court considers whether to ask an attorney to represent a *pro se* litigant, it first must determine whether the litigant's position seems "likely to be of substance." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); see also Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204-05 (2d Cir. 2003); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  Only if a litigant's claims meet this "threshold requirement," should a court consider other factors, such as the petitioner's "ability to handle the case without assistance in light of the required factual investigation, [and] the complexity of the legal issues. . . ."  Cooper, 877 F.2d at 172.  Specifically, the factors to be considered include whether: (1) the indigent's claims seem likely to be of substance; (2) the indigent is able to investigate the crucial facts concerning his claim; (3) conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) the legal issues involved are complex; and (5) there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Hodge, 802 F.2d at 61-62.

The Court has reviewed the facts in light of the factors promulgated by Hendricks and finds that the appointment of counsel is not necessary at this time.  First, O'Brien has not demonstrated that his claims have merit.  Indeed, according to a prior filing by the Defendants, the Complaint "fails to mention that, as a result of his conduct, the Plaintiff was charged with, among other things, aggravated assault on a law enforcement officer."  (Doc. 23 at 4.)  This assertion by the Defendants raises significant questions about the strength of O'Brien's excessive force claim.

Furthermore, it is not clear that the case will require any meaningful investigation, or that there will be conflicting evidence about the events in question.  The legal issue of excessive force is not particularly complex, and the Court does not at this time see any "special reason . . . why appointment of counsel [will] be more likely to lead to a just determination."  Id. at 62.  O'Brien's motion for appointment of counsel (Doc. 3) is, therefore, DENIED without prejudice. If, as the case proceeds, O'Brien finds he can meet the standard for appointment of counsel, he may file another motion for the Court's consideration.

## Conclusion

For the reasons set forth above, the Shelburne Police Department's motion to dismiss (Doc. 12) is GRANTED, and

O'Brien's motion for appointment of counsel (Doc. 3) is DENIED without prejudice.

Dated at Brattleboro, in the District of Vermont, this 22nd of December, 2010.

/s/ J. Garvan Murtha
J. Garvan Murtha
Senior United States District Judge