```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT
```

Kelley S. O'Brien,                    :
        Plaintiff,                    :
                                      :
        v.                            :    File No. 1:10-cv-173-jgm
                                      :
Robert Barrows, James                 :
Warden, Shelburne Police              :
Department, Town Manager              :
of the Town of Shelburne,             :
Town of Shelburne,                    :
        Defendants.                   :

<u>OPINION AND ORDER</u>
(Docs. 43, 47, 51, 52, 58, 61, 62, 63 and 65)

Plaintiff Kelley O'Brien, a Vermont inmate proceeding *pro se*, brings this action claiming that he was shot by a member of the Shelburne Police Department, and that the shooting constituted excessive force. Before the Court are a series of discovery-related motions, including O'Brien's amended motion to compel discovery responses. O'Brien also has renewed his request for court-appointed counsel. Because his request for an attorney has reportedly put a "halt to discovery," the parties have asked for leave to file a revised discovery schedule.

I.   <u>Motion to Compel</u>

O'Brien has moved to compel Defendant Robert Barrows, the officer who allegedly shot him, to supplement his discovery responses. The first discovery request at issue is O'Brien's third interrogatory, which seeks information about "other civil lawsuits" to which Barrows has been a party. Barrows

responds that he has been involved in a divorce action and a small claims action, and otherwise objects to the interrogatory to the extent that it might be seeking confidential claims or complaints submitted to the Shelburne Police Department.

O'Brien argues that Barrows' response is insufficient, and suspects that Barrows may have been involved in other lawsuits regarding "negligent or unreasonable conduct while on duty as a law enforcement officer/agent." (Doc. 47 at 2-3.) Barrows' counsel has made clear, however, that Barrows "has only been involved in the lawsuits listed in his response to [O'Brien's] Interrogatory No. 3." (Doc. 43-6 at 3.) There is therefore no basis for compelling a further response.

Interrogatory Number 5 asks Barrows to list "any forms of employment misconduct you were in [sic] or during your employment with another Department as a law enforcement officer." (Doc. 47 at 3.) Barrows objects to the question, characterizing it as overly broad and asserting that certain information, such as internal affairs or personnel files, would be confidential. Notwithstanding the objection, Barrows reports that he has no knowledge of any such complaints. Given this latter statement, O'Brien's claim of evasiveness appears to be unfounded, and the Court will not order a supplemental response.

O'Brien also moves to compel responses to several document requests. In Document Request Number 2, he asks for "all correspondence or communications transmitted between the defendant and any other party concerning or relating to this action or the underlying events thereof." (Doc. 47 at 4.) Barrows objects to the extent such communications are privileged, and has reportedly provided O'Brien with all other responsive documents. Specifically, Barrows states he has provided his "narrative," a "Use of Force report," and documents received via subpoena from the Chittenden County State's Attorney's Office. The subpoenaed materials reportedly consist of "over 800 pages of documents and several compact discs contained in the State's Attorney's file," and include "numerous investigative reports, search warrants, witness statements, photographs and deposition transcripts." (Doc. 46 at 6.)

O'Brien contends that Barrows has failed to provide all responsive communications, citing investigation reports generated by the Vermont State Police and the Vermont Attorney General's Office. Barrows responds that he is not in possession of any such reports, aside from what was obtained from the State's Attorney's Office. Barrows also states that he is no longer employed by the Shelburne Police Department, and thus has no access to "any files, log books, internal

memorandum, etc. that may or may not exist." (Doc. 46 at 6.) Given Barrows' representations, the Court again sees no basis for compelling a further response.

Request Number 3 asks for documents relating to witness statements or statements by people with knowledge of the relevant events. As with Request Number 2, Barrows reports that he is not in possession of any such documents aside from what was provided to him by the Chittenden County State's Attorney's Office. In light of this response, and despite O'Brien's claim that Barrows must be in possession of "inter-department communications" and other investigative reports, (Doc. 47 at 5-6), it appears that there is nothing further to compel from this Defendant.

Request Number 6 seeks "[a]ll generated reports of any kind, or any other information otherwise forwarded to the Vermont Attorney General from the Shelburne police department or other department so employed, or to the Vermont Attorney General on the incident in question[] in the complaint." (Doc. 47 at 7.) Barrows again responds that he is not in possession of these documents, aside from what he received from the State's Attorney's Office and produced to O'Brien previously. As Barrows' attorney explained in correspondence to O'Brien, "[a]ny documents forwarded to the Vermont Attorney General's Office from the Shelburne Police Department or any

other police Department . . . would be in the possession of those agencies and are not in Defendant Barrows' possession." (Doc. 43-6 at 5.)

O'Brien's Document Request Number 12 asks for Vermont Law Enforcement Academy manuals, policies, and education materials relating to the use of deadly force.  Barrows objects to the request as overly broad, and responds that these documents are "not in my possession and would be in the possession, custody and control of the Vermont Police Academy, the Vermont State Police, the Shelburne Police Department and the Vermont Attorney General's Office."  (Doc. 47 at 8.)  In subsequent correspondence, Barrows' counsel also informed O'Brien that his client "has provided you with his training records." (Doc. 43-6 at 6.)

O'Brien insists that Barrows is "very well in possession of these documents," citing the importance of continuing education in law enforcement.  (Doc. 47 at 8.)  However, he provides no factual basis for such speculation.  Once again, given the representations by Barrows and counsel that no such documents are in Barrows' possession aside from what has already been produced, the Court sees no grounds for ordering a supplemental response.

Finally, O'Brien moves to compel a response to his request for Barrows' medical records.  When O'Brien filed his

5

first motion to compel (Doc. 43), the records had not been provided.  The first motion to compel was signed on February 11, 2011, and was filed on February 17, 2011.  Barrows' counsel sent O'Brien the medical records on February 14, 2011.  Accordingly, Barrows now argues that the motion to compel is moot.

In his amended motion to compel, filed on March 8, 2011, O'Brien complains that some of the medical records are redacted.  Barrows objects to the motion, in part because O'Brien allegedly failed to make a good faith effort to resolve the issue as required by Local Rule 26(d)(1).  Barrows also explains that the redacted portion pertained to an unrelated injury.  (Doc. 50 at 4.)  Nonetheless, in an effort to "alleviate [O'Brien's] concerns," Barrows' counsel mailed O'Brien the unredacted document so that he could see that no relevant information was being withheld.  (Doc. 50-1 at 2.)  The Court therefore finds that the motion to compel with regard to Document Request Number 18 is now moot.[1]

---

[1] O'Brien still maintains that the medical records are incomplete, claiming that they include only a summary of the emergency room nurses' evaluation, and nothing about the attending physician's review or follow-up appointments.  (Doc. 57 at 4-5.)  In fact, the records include the "Physician Summary" completed by the emergency room physician.  That physician prescribed medications, and there is no indication of any required follow-up.  (Doc. 47-1 at 6-7.)

For each of the reasons set forth above, O'Brien's motion to compel (Doc. 43) and amended motion to compel (Doc. 47) are DENIED.

II. Motion to Appoint Counsel

Also before the Court is O'Brien's second motion, and an amended second motion, for appointment of counsel. As the Court explained in its prior Order denying, without prejudice, O'Brien's motion for appointment of counsel, a litigant in a civil case has no constitutional right to counsel. See In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). A court may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but cannot compel an attorney to accept a civil case *pro bono*. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989).

When a court considers whether to ask an attorney to represent a *pro se* litigant, it must first determine whether the litigant's position seems "likely to be of substance." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); see also Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204-05 (2d Cir. 2003); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Only if a litigant's claims meet this "threshold requirement," should a court consider other factors, such as his "ability to handle the case without

7

assistance in light of the required factual investigation, [and] the complexity of the legal issues. . . ." Cooper, 877 F.2d at 172.  Specifically, the factors to be considered include: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.  Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Hodge, 802 F.2d at 61-62.

The Court denied O'Brien's prior motion for counsel, finding that he had not satisfied the Hendricks factors. Unlike his first motion, O'Brien's recent filings discuss those factors and argue that they have been met.  His primary argument is that, as a prison inmate, it is difficult to research and investigate his claims.  While the Court is not unsympathetic to the challenges of bringing litigation while incarcerated, those challenges are common to all inmates, and standing alone, do not compel the Court to appoint an attorney.

Furthermore, O'Brien has not demonstrated any developments in the case that would justify altering the Court's previous analysis of the Hendricks factors.  In its prior ruling, the Court questioned the merits of O'Brien's claims in light of the fact that his Complaint makes no mention of his arrest for aggravated assault on a law enforcement officer.  This concern is still present.  As to the need for an investigation, it appears that O'Brien's shooting was the subject of significant investigation by the State Police, and possibly others, and that the results of those investigations may become part of the record without any further efforts by the parties.

With regard to legal complexity, the Court's previous finding – that the issue of excessive force is not particularly complex – still holds true.  Finally, the Court sees no "special reason . . . why appointment of counsel [will] be more likely to lead to a just determination." Hodge, 802 F.2d at 62.  Accordingly, O'Brien's motion for appointment of counsel (Doc. 58) and amended motion for appointment of counsel (Doc. 62) are DENIED, again without prejudice.  If, as the case proceeds, O'Brien finds that he can meet the standard for appointment of counsel, he may file another motion for the Court's consideration.

9

III. <u>Remaining Motions</u>

All other pending motions pertain to Court deadlines. First, O'Brien's motion (Doc. 51) for an extension of time to file his reply memorandum regarding the motion to compel (which memorandum the Court has since received) is GRANTED. Next, all motions regarding extensions of the discovery schedule are DENIED, with the exception of the latest motion, which asks for a stay of discovery and leave to file a new discovery schedule within 30 days of the Court's Order on O'Brien's motions for appointment of counsel. This latter motion (Doc. 65) is GRANTED, and the parties shall submit to the Court a Stipulated Discovery Schedule within 30 days.

<u>Conclusion</u>

For the reasons set forth above, O'Brien's motion to compel (Doc. 43) and amended motion to compel (Doc. 47) are DENIED. His motion for appointment of counsel (Doc. 58) and amended motion for appointment of counsel (Doc. 62) are also DENIED. O'Brien's motion for extension of time in which to file a reply memorandum (Doc. 51) is GRANTED.

The parties' motions for extensions of the discovery schedule (Docs. 52 and 61) are DENIED as moot, as is Barrows' first motion to stay discovery (Doc. 63). The stipulated motion to stay discovery (Doc. 65) is GRANTED. The parties

shall submit a revised Stipulated Discovery Schedule within 30 days of the date of this Order.

Dated at Brattleboro, in the District of Vermont, this 28th day of June, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
District Judge